UNITED STATES of America,

v.

Diriki HAMILTON, Defendant.

No. 08 CR 0233 (VM).

United States District Court,
S.D. New York.

Feb. 11, 2009.

**408**

Natalie Lamarque, U.S. Attorney's Office, New York, NY, for Plaintiff.

## DECISION AND ORDER.

VICTOR MARRERO, District Judge.

Defendant Diriki Hamilton ("Hamilton") is charged with violating the federal firearms trafficking laws. In connection with the trial in this matter scheduled to commence on February 9, 2009, the Government moved *in limine* to:

(1) allow the Government to offer testimony by a special agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives regarding interactions between Hamilton and a confidential informant, now deceased, that pre-dated the period charged in the Indictment, as the interactions relate to a transaction that took place on September 12, 2007; and

(2) allow the Government to offer audio recordings of telephone conversations that took place between a confidential informant and Hamilton's co-conspirator, Nathaniel Williams ("Williams"), arranging transactions that took place on September 12, 2007, and November 20, 2007.

Hamilton objected to the first government request and moved *in limine to:*

1) preclude the Government from introducing into evidence testimony relating to the sale of a non-functioning firearm involving Williams in September 2007;

2) preclude the Government from identifying Hamilton by name in a transcript (marked by the Government as Exhibit 14T);

3) strike any reference to alleged aliases of Hamilton in the copy of the Indictment given to the jury; and

4) preclude the Government from introducing vehicle registration information for a vehicle that was allegedly connected to the charged crimes.

For the reasons stated by the Court on the record at the trial on February 9, 2009, as further elaborated in the statement of the Court attached to this Order, both requests of the Government's *in limine* motion are **GRANTED**. The first, second, and fourth requests of Hamilton's *in limine* motion are **DENIED**. Hamilton's third request is **GRANTED** in part and **DENIED** in part; the aliases that are not presented on the record will be redacted from the Indictment.

**SO ORDERED:**

## STATEMENT OF THE COURT REGARDING THE GOVERNMENT'S MOTION *IN LIMINE*

Defendant Diriki Hamilton ("Hamilton") is charged in this action with violations of the federal firearms trafficking laws. In connection with the trial in this case, the Government has filed an *in limine* motion seeking to:

(1) allow the Government to offer testimony by a special agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives regarding interactions between Hamilton and a confidential informant, now deceased, that pre-dated the period charged in the Indictment, as the inter-

actions relate to a transaction that took place on September 12, 2007; and

(2) allow the Government to offer audio recordings of telephone conversations that took place between a confidential informant and Hamilton's co-conspirator, Nathaniel Williams, arranging transactions that took place on September 12, 2007, and November 20, 2007.

Hamilton objected to the first government request and moved *in limine* to:

1) preclude the Government from introducing into evidence testimony relating to the sale of a non-functioning firearm involving Williams in September 2007;

2) preclude the Government from identifying Hamilton by name in a transcript (marked by the Government as Exhibit 14T);

3) strike any reference to alleged aliases of Hamilton in the copy of the Indictment given to the jury; and

4) preclude the Government from introducing vehicle registration information for a vehicle that was allegedly connected to the charged crimes.

The Government's motion with respect to testimony regarding the interactions between Hamilton and the confidential informant that relate to the September 12, 2007 transaction is **GRANTED**. The Government's motion with respect to audio recordings of phone conversations arranging the September 12, 2007 and November 20, 2007 transactions is **GRANTED**. The first, second, and fourth requests of Hamilton's *in limine* motion are **DENIED**. Hamilton's third request is **GRANTED** in part and **DENIED** in part; the aliases that are not presented on the record will be redacted from the Indictment.

## I. TESTIMONY RELATING TO SEPTEMBER 12, 2007 TRANSACTION

■ The Government moves *in limine* to admit evidence in the form of testimony by Special Agent Michael Patrick of the AFT, regarding interactions between Hamilton and a confidential informant that pre-dated the period charged in the Indictment, as they relate to a September 12, 2007 transaction. The September 12 transaction predates the November 20, 2007 transaction that is the subject of the underlying Indictment. The Government alleges that the September 12 transaction was brokered and arranged by Williams, as was the November 20 transaction.

The Government represents that Special Agent Patrick will testify that on September 12, 2007, he was present during several telephone conversations between the confidential informant and Williams; that the confidential informant was given $800 to purchase a firearm; that ATF agents observed the confidential informant enter and exit a building; and that the confidential informant gave the ATF agents a purported firearm that he had purchased. Special Agent Patrick will also testify that when it was determined that the firearm was inoperable, the confidential informant returned to the building, engaged in conversation with Hamilton and two other men outside of the building; and that the confidential informant returned with the $800 he had originally paid for the firearm.

The Government states that it intends to offer this evidence in its case-in-chief to prove that the conspiracy charged in the Indictment existed. The Government argues that the evidence is admissible because it is direct evidence of the existence of the charged conspiracy; it helps to substantiate the confidential informant and Special Agent Patrick's ability to later identify Hamilton; and it shows that Hamilton's conduct is not isolated.

Hamilton objects to this request, arguing that the Government has charged

Williams with only the substantive crime of firearms dealing, and not with the crime of conspiring to deal in firearms without a license. Hamilton contends that the evidence about the September 12, 2007 transaction should not be admitted because it is not evidence that Hamilton participated in the conspiracy charged in the Indictment, and because there does not appear to be any evidence connecting Williams to Hamilton.

The Court finds that the proffered evidence is admissible as direct evidence of the charged conspiracy. The testimony goes to whether Hamilton participated in the first of two firearms transactions, it is relevant to whether Hamilton's participation in the alleged conspiracy was knowing and willful, and it involves an overt act made in furtherance of an objective of the conspiracy. The testimony also addresses the roles played by Williams, Hamilton, and others, and helps the Government to prove, as required by statute, that the November 20, 2007 incident was not an isolated transaction.

■ When uncharged criminal activity is admitted as evidence of a conspiracy, that evidence is not considered to be "other crimes" evidence subject to Federal Rule of Evidence 404(b) ("Rule 404(b)"). The Court finds that the probative value of this evidence is not substantially outweighed by potential prejudice, as the uncharged conduct is not any more inflammatory than the charged crime. *See United States v. Baez*, 349 F.3d 90, 93–94 (2d Cir.2003).

However, the evidence is also admissible under Rule 404b, as evidence of prior crimes, wrongs or acts is admissible for any purpose other than to show a defendant's criminal propensity. *See United States v. Pascarella*, 84 F.3d 61, 69 (2d Cir.1996). The evidence here is not overly prejudicial, and it is certainly relevant.

Accordingly, the Government's motion *in limine* to admit Special Agent Patrick's testimony regarding his observations of the confidential informant's interactions with Hamilton that pre-date the period charged in the Indictment, as they relate to the September 12, 2007 transaction, is **GRANTED.** The Court notes that Special Agent Patrick may testify only as to matters he has personal knowledge of, and he may not offer hearsay as part of his testimony.

## II. *RECORDINGS OF CO–CONSPIRATOR STATEMENTS*

■ The Government seeks to admit audio recordings of statements that Williams made to the confidential informant and to Agent Patrick, as non-testimonial co-conspirator statements. These recordings are of Hamilton's co-conspirator and the confidential informant arranging the transactions of September 12, 2007 and November 20, 2007.

Pursuant to Federal Rule of Evidence 801(d)(2)(E), a co-conspirator's statement is considered not to be hearsay if the Government shows by a preponderance of the evidence the existence of a conspiracy that the declarant and the defendant belonged to, and that the statement was made in the course of and in furtherance of that conspiracy. The Court finds that the Government has satisfied its burden. Special Agent Patrick's testimony about the events leading up to both transactions, as well as his testimony about the September 12, 2007 and November 7, 2007 transactions themselves, is sufficient to establish by a preponderance of evidence the existence of the conspiracy. The recordings are of conversations in which Williams and the confidential informant are arranging the September 12, 2007 and November

20, 2007 transactions, and so were made in the course of and in furtherance of the conspiracy. Special Agent Patrick's testimony also constitutes independent corroborating evidence that Hamilton participated in the conspiracy.

The Court also notes that the Government may offer the statements made by Williams in the audio recordings in its case-in-chief, without granting the defendant the right to cross-examine Williams. The Court finds that Williams's statements in the recordings are non-testimonial and fall under the firmly rooted hearsay exception of an admission by a party-opponent, specifically, "a co-conspirator of a party during the course and in furtherance of the conspiracy," under Federal Rule of Evidence 801(d)(2)(E). Conversations that are secretly recorded are not testimonial because the declarant is unaware that the statement was being taken. *See United States v. Saget*, 377 F.3d 223, 226–31 (2d Cir.2004).

Accordingly, the Government's motion *in limine* to admit the audio recordings of telephone conversations between the confidential informant and Williams arranging the September 12, 2007 and November 20, 2007 transactions is **GRANTED.**

## III. IDENTIFICATION BY NAME IN TRANSCRIPT

■ Hamilton moves to preclude the Government from identifying Hamilton by name in a transcript of an audio recording. Hamilton argues that such an identification invades the province of the jury in determining the identity of the speaker. The transcript in question is of an audio recording of a conversation in which Special Agent Patrick was a participant, and the Government represents that the identification in the transcript is based on Special Agent Patrick's identification of the speaker as Hamilton. The Court notes

that Special Agent Patrick may testify as to the identity of the speakers in the recording, and that Hamilton may cross-examine Special Agent Patrick as to the basis of his identification of Hamilton as the speaker. The motion *in limine* with respect to the identification of Hamilton by name in the transcript is **DENIED.**

## IV. REFERENCES TO ALIASES IN INDICTMENT

Hamilton moves to have the Indictment redacted to strike any reference to the aliases alleged by the Government, "B" and "Black." The Government stated that it would not object to the redaction of any aliases that are not used as substantive evidence. Hamilton's motion *in limine* regarding the redaction of aliases in the Indictment is **GRANTED** in part and **DENIED** in part. Any alias that is not presented on the record will be redacted from the copy of the Indictment given to the jury.

## V. VEHICLE REGISTRATION INFORMATION

Finally, Hamilton moves to preclude the Government from introducing the vehicle registration record and driver's license photo of the registered owner of a 2004 Chevrolet Suburban that was allegedly connected to the charged crimes. Hamilton argues that Special Agent Patrick was able to connect the vehicle to the charged crimes only because the confidential informant advised him of the connection. Hamilton objects to the introduction of the vehicle information because he will be unable to examine the confidential informant's statement to Special Agent Patrick, which, Hamilton contends, would violate his right to confront the witness under *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). Hamilton argues that a proper cross-examina-

tion of Special Agent Patrick on this topic would essentially force Hamilton to "open the door" to hearsay.

The Government argues that Special Agent Patrick personally observed the vehicle in the vicinity of the location of the charged crimes. The Court finds that Special Agent Patrick may testify as to matters he has personal knowledge of, and he may not offer hearsay as part of his testimony. Hamilton's motion *in limine* regarding the registration information of the vehicle allegedly involved in the charged crimes is **DENIED.**